IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2002

JAMES W. McCORMACK, CLERK
By: _____ D.C.

MYRON BASS, HUBERT BASS, Alderman,
THEOPLIS MACNIFCENT, AARON
COOK, DOROTHY BASS, MARIA NELSON,
DANIEL HATCHETT, DAVID SHELBY and
DAVID SANDERS,

       PLAINIFFS,

v.

                             CASE NO. *3:02CV00379 JMM*

SHARON PRIEST, Secretary of State,
CRITTENDEN COUNTY ELECTION
COMMISSION, SCOTT FERGUSON, Chairman
RUTH TRENT, County Clerk, MARCO
MCCLENDON, RICHARD BUSBY, Sheriff,
THOMAS BURROGHS,
Officially and Individually,

       DEFENDANTS.

This case assigned to District Judge *Moody*
and to Magistrate Judge *Cavaneau*

COMPLAINT TO CONTEST ELECTION
AND
FOR EMERGENCY INJUNCTIVE RELIEF

      COMES NOW, MYRON BASS, Et. Al., proceeding *pro se*, in this matter before

this Honorable Court seeking injunctive relief and all other relief deemed just and

necessary for the following reasons:

      This is an action to contest the Crittenden County 2002 Election. This action is to

contest the votes for Richard Busby, Sheriff, of over 7,000 and votes for Marco

McClendon, over 500.

## JURISDICTION

Jurisdiction is conferred upon this court pursuant to the Federal Voting Rights Acts as well as the fact that the State of Arkansas is a party.  Also, Federal Question jurisdiction exists as well as concurrent pendent claims.

## PARTIES

### PLAINTIFFS

1.    Plaintiff Myron Bass, hereinafter called Plaintiff Myron, is a registered voter in the City of West Memphis, County of Crittenden.

2.    Plaintiff Myron is an election representative for candidate and Plaintiff Hubert Bass.  Plaintiff Myron files this suit as a registered voter and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

3.    Plaintiff Hubert Bass, hereinafter called Plaintiff Hubert, is a candidate for the Alderman Position of Ward 4 position 2 in West Memphis, Arkansas.  Plaintiff Hubert files this suit as a candidate and registered voter and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

4.    Plaintiff Theoplis Macnifcent, hereinafter called Plaintiff Macnifcent is a registered voter in Crittenden County and he resides in Ward 4, Position 2.   Plaintiff Macnifcent files this suit as a registered voter and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

5.    Plaintiff Aaron Cook, hereinafter called Plaintiff Cook, is a registered voter in Crittenden County and he resides in Ward 4, Position 2.  Plaintiff Cook files this suit as a registered voter, victim and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.  Plaintiff Cook was denied his right to vote because his name

did not appear on the voter registration list.  Such denial is in violation of Arkansas law as stated below.

6.     Plaintiff Dorothy Bass, hereinafter called Plaintiff Dorothy, is a registered voter in the City of West Memphis, County of Crittenden.  Plaintiff Dorothy files this suit as a registered voter and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

7.     Plaintiff Maria Nelson, hereinafter called Plaintiff Nelson, is a registered voter in the City of West Memphis, County of Crittenden.  Plaintiff Nelson files this suit as a registered voter and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

8.     Plaintiff Daniel Hatchett, hereinafter called Plaintiff Hatchett, is a candidate for the Crittenden County Sheriff position.

9.     Plaintiff David Shelby, hereinafter called Plaintiff Shelby, is an election representative for Plaintiff Hatchett and a registered voter in the City of West Memphis, County of Crittenden.   Plaintiff Shelby files this suit as a registered voter, election representative and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

10.     Plaintiff David Sanders, hereinafter called Plaintiff Sanders, is an election representative for Plaintiff Hatchett and a registered voter in the City of West Memphis, County of Crittenden.   Plaintiff Sanders files this suit as a registered voter, election representative and concerned citizen as well as pursuant to Arkansas Code Annotated § 7-5-807.

**DEFENDANTS**

1.      Defendant Sharon Priest, hereafter called the Secretary of State, is officially responsible for the conduct of the elections in the State of Arkansas.   The secretary of State is being sued in her official capacity.

2.      Defendant Crittenden County Election Commission, hereinafter called CCEC, is directly responsible for the conduct of the elections in Crittenden County.   The Election Commission is being sued in their official capacity.

3.      Defendant Scott Ferguson, hereinafter called Defendant Ferguson, is the Chairman for Defendant CCEC.   Defendant Scott is being sued in his official and individual status.

4.      Defendant Ruth Trent, hereinafter called Defendant Trent, is the County Clerk for Crittenden County, Arkansas.   Defendant Trent is being sued in her official and individual capacity.

5.      Defendant Marco McClendon, hereinafter called Defendant McClendon, is a candidate for Alderman Ward 4 Position 2 in West Memphis, Arkansas.   Defendant McClendon is being sued in his official and individual capacity.

6.      Defendant Richard Busby, hereinafter called Defendant Busby, was a candidate for the Sheriff's position in Crittenden County, Arkansas.   Defendant Busby is being sued in his official and individual capacities.

7.      Defendant Thomas Burroughs, hereinafter called Defendant Burroughs, is a registered voter in the City of West Memphis, County of Crittenden.   Defendant Burroughs is being sued in his official and individual capacities.

8.     Each Plaintiff named above has either or all have witnessed voter fraud
first hand, federal law violations, state law violations and down right election corruption.

## INTIMIDATION OF BLACK VOTERS AND
## VIOLATIONS OF COMMISSIONERS

The irregularities, illegal conduct and blatant state and federal law violations of
voters right to vote are:

1.     Voters were turned away from the polls in five (5) black voting precincts, which
are Wonder Jr. High School, Weaver Elementary School, Maddox Elementary School,
Wonder Boy's Club and the Neighborhood Center.  The voters were turned away because
the voter had not updated their voter registration records to vote at their precinct.  This
action violates the Fail-Safe Voting Issue of Amendment 51 of the Federal Voting rights
Act.  This action also violates Arkansas Code Annotated §§ 7-5-306(b); 7-5-314(b)(If a
voter's name does not appear on the precinct voter registration list, the voter may
vote...).  *See also § 7-5-305(b).*  Pursuant to Arkansas Code Annotated § 7-5-306(a), the
election official should have allowed the voter, whose name did not appear on the voter
registration list, to give and affirm his/her current address and then complete an updated
voter registration application form and signs the precinct voter registration list and then
he/she should be allowed to vote.

2.     A black precinct (Eugene Woods Civic Center) ran out of ballots for the second
consecutive time.  Voters were turned away because no ballots were available and they
were not allowed to vote in different precincts, they were turned away.  This action
violates Arkansas Code Annotated §§ 7-4-107(a); 7-5-210(a).

3.      Marvin Steele, who is not named as a party to this lawsuit, had engaged in a lengthy discussion with a voter, which led to the poll watcher telling the voter that she could not vote because she conducted some type of investigation that disclosed that the person had a felony conviction and would face serious criminal charges if voted. This type of intimidation occurred at a black voting precinct (Neighborhood Center)

4.      Poll Watchers, in violation of Rule 6 of the Rules and Regulations of the Arkansas Poll Watchers, engaged in lengthy conversation with voters within 100 feet from the voting area, to determine if the voter can vote at that precinct. In one know instance, a voter was told that they could not vote at that precinct, which was at another black precinct, Weaver Elementary School.

5.      The County Clerk Office kept reporting that people were not registered to vote and that they could not vote. Section 13 of Amendment 51 of the Arkansas Constitution states that if a voter presents himself at a polling place on the date of an election but the record of his registration can be located by the judges on the precinct voter registration list, such voter shall be permitted to vote under the conditions set forth.

6.      Defendants Burroughs and candidate McClendon violated Arkansas Code Annotated § 7-5-309(4) when he was allowed to campaign within 6 feet of the voting place.

7.      None of the black voters in the above named Wards were situated so as to permit voters to prepare their ballots screened from observation, especially so in the Wonder Boy's Club voting precinct, which is in violation of Arkansas Code Annotated § 7-5-309(a)(2).

## ILLEGAL AND FRAUDULENT BALLOTS

As related to the ballots and counting of the ballots, your Plaintiff believes and alleges the following to be true:

1.     Defendant Ferguson told an election official to take ballots home.  This violates Arkansas Code Annotated § 7-5-308, which states, "[n]o person shall be permitted to carry a ballot outside of the polling place."  This act is criminal under Arkansas Code Annotated § 7-1-103(a)(18).

2.     An election official, during counting of the ballots, went to her car and returned with a ballot, stating, "I found one in my car."  This indicates fraud and violation of §7-5-308 of the Arkansas Code Annotated.  This act is criminal under Arkansas Code Annotated § 7-1-103(a)(18).

3.     Upon information and belief, your Plaintiffs alleges that the ballots, that were printed by a candidate, were not properly aligned in that the counting machine would count a vote for candidates not voted for by a voter.

4.     Upon information and belief, your Plaintiffs allege that Defendant Busby had his own ballot box, where ballots were replaced.  This act is criminal under Arkansas Code Annotated § 7-1-103(a)(20)(D).

5.     Upon information and belief, your Plaintiffs allege that ballots were altered, changed and withdrawn from the legal ballots, thus affecting the sheriff's race, mayor's race, and alderman ward 4, position 2 race.

6.     Upon information and belief, your Plaintiffs allege that non-voters and dead people illegally voted at the election.

7.      Upon information and belief, the counting of the absentee ballots was not counted in the Crittenden County Courthouse.  The proper procedure requires that one election commissioner open the outer envelopes one by one and shall read aloud from the statement in the envelopes the name of the voter and the voting precinct which the voter claims to be a legal voter.  Instead, the election official opened and read the ballot then challenged the voter after he had looked at the ballot.  This resulted in more ballots from Wards 2 and 4 (again, majority African-American wards) being challenged. Furthermore, this tactic seemed to have resulted in a majority of the votes in Wards 2 and 4 being subjected to challenge.

Arkansas Code Annotated §7-5-416 addressed the manner in which absentee ballots are to be counted.  Specifically, subsection (b) provides as follows:

" (b)(1)  The opening, counting, and canvassing shall be conducted as follows:
(A)  One (1) of the election officials shall open outer absentee ballot envelopes one (1) by one (1), and, as soon as he opens one (1), he shall read aloud from the statement in the envelope the name of the voter and the voting precinct in which the voter claims to be a legal voter;
(B)  As each outer envelope is opened and the name of the voter is read, the election officials for the absentee box shall list in duplicate the name and voting precinct of the voter and shall write on the stub end of the ballot taken from the outer envelope the number of the voter taken from this list of voters;"

After the election official reads aloud the statement, the election officials shall compare the names, address, date of birth and signature of the voter's absentee application and the voter's statement.  If the application and the voter's statement do not compare as to name, address, date of birth and signature, the application, absentee ballot, envelope and statement shall be placed in an envelope marked "Challenged".  The election official shall record the reason for the challenge on the envelope and it shall be

8

referred to the board. The board shall determine whether the voter is qualified and whether or not the vote shall be counted.

## UNAUTHORIZED VOTING CHANGES

1.      Upon information and belief, your Plaintiffs allege that the use of paper ballots is not authorized by the Crittenden County Quorum Court nor had such voting changes.

2.      Upon information and belief, your Plaintiff's allege that the last minutes of the Crittenden County Quorum Court meeting that involved voting procedures as related to voting machines or paper ballots, the voting machines were voted on to be used instead of the paper ballots.

3.      Therefore, your Plaintiffs object to the use of paper ballots being used because they are easy to manipulate as well as the certification of the election.

4.      In regards to voting changes that had not been cleared by the appropriate source, the United States Supreme Court case of Clark v. Roemer, 500 U.S. 646 (1991) is leading case.

5.      In Clark, *supra,* the High Court ruled that voting changes that have not been cleared is unenforceable and Plaintiff's entitled to injunctive relief. Clark at 646

## RECOUNT

1.      Plaintiff Hatchett requested a recount and Defendant Ferguson stated that the recount would cost him $2,500.

2.      Defendant Ferguson referred to Arkansas Code Annotated § 7-5-319(f), which states:

> "The costs of any recount shall be based on the actual costs incurred to conduct the recount, but in no instance shall the amount charged to conduct a recount

exceed the rate of twenty-five cents (25¢) per vote cast in the precincts where the recount is requested or a total of two thousand five hundred dollars ($2,500) for the entire county, whichever is less.

3.     Your Plaintiff's herein challenge Arkansas Code Annotated as being unconstitutional, as it has the same effect as a "Poll Tax" as related to indigent candidates and/or voters.

## COUNTING MACHINES

1.     Upon information and belief, the counting machines were not tested in order to guarantee that ballots are not misaligned and that the counting machines are not flawed.

2.     In the recent West Memphis School Board election, the votes were counted on the same counting machines.

3.     In the school board race of Joyce Gray v. Marlene Thomas, the counting machines indicated that Gray had lost the election.  A hand count indicated that Gray won the election.   Another machine count indicated a total different result than the first machine count.  This indicates that the counting machines are not accurate.

4.     Nevertheless, when a recount is requested, a fee of $2,500 is imposed on Plaintiff Hatchett, which he cannot afford.

## ADDITIONAL ALLEGATION

1.     Your Plaintiffs allege that there were a concerted effort and conspiracy to discourage the black voter by means of intimidation and denying them to vote.

2.     Your Plaintiffs allege that the denial of the black voters to vote by refusing to allow them to vote for different reasons, such as name not being on voter registration book in that precinct, possible felony record and other reasons as stated above, affected the outcome of the race.

3.      Your Plaintiffs allege that the unauthorized additional ballots cast and withdrawn affected the outcome of the race.

4.      Your Plaintiffs allege that such actions as alleged herein are not only in violation of federal voting rights laws but are criminal and should not be condoned by the court.

5.      Your Plaintiffs allege that the commissioners and other election officials are in violation of their oath of office as stated in Arkansas Code Annotated §7-4-110, which states:

> "I, . . . . . . . . . . , do swear that I will perform the duties of an election official of this election according to law and to the best of my abilities, and that I will studiously endeavor to prevent fraud, deceit, and abuse in conducting the same, and that I will not disclose how any voter shall have voted, unless required to do so as a witness in a judicial proceeding or a proceeding to contest an election."

## PRAYER FOR RELIEF

Your Plaintiffs prays that this Honorable Court issue an emergency injunction prohibiting that the Crittenden County 2002 election results not be certified by the Crittenden County Election Commission and for the following additional relief:

1      That this Honorable Court allow such emergency injunction to be imposed without bond,

2      That this Honorable Court conducts a speedy hearing in this matter,

3      That this Honorable Court issue an order requiring a new election be held in accordance with the laws of the State of Arkansas and that voting machines be used in accordance with the ruling of the Crittenden County Quorum Court and to reduce fraud,

4      That indigent candidates and/or voters be allowed to have a recount without cost, and

5    That this Honorable Court grants all other relief deemed necessary and

just.


We, the undersigned, state under oath and under penalty of perjury that the
contents of this complaint is true and correct to the best of my knowledge and belief.


Respectfully submitted on this 15th day of November 2002,


Myron Bass
P. O. Box 1222
West Memphis, AR 72303-1222
(901) 650-6358


Hubert Bass
P. O. Box 576
West Memphis, AR 72303-0576
(870) 733-0428


Theoplis Macnifcent
812 N. 14th Street
West Memphis, AR 72301
(901) 523-2177


Aaron Cook
603 Ingram
West Memphis, AR 72301
(870) 735-8964

Dorothy Bass
P. O. Box 1222
West Memphis, AR 72303-1222
(901) 650-6358

Maria Nelson
P. O. Box 5385
West Memphis, AR 72303-1222
(901) 406-6139

Daniel Hatchett
125 West Polk Avenue
West Memphis, AR 72301
(870) 735-1697

David Shelby
P. O. Box 2623
West Memphis, AR 72303-2623
(870) 735-1697

David Sanders
721 Proctor Road
Proctor, AR 72376

Subscribed and sworn before me on this 15th day of November 2002,

Notary Public

Rosalyn Bass, Notary Public
Crittenden County, Arkansas
My Commission Expires 3-16-2008

My Commission Expires: _____

13