FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 02 2003

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MYRON BASS, ET AL.                                                          PLAINTIFFS

VS.            NO. 3:02CV00379 JMM

SHARON PRIEST[1], ET AL.                                                    DEFENDANTS

ORDER

Plaintiffs, *pro se*, brought suit against defendants alleging violation of the Voting Rights Act, 42 U.S.C. §§ 1973-1973p., and Arkansas election laws. Plaintiffs contend that the Voting Rights Act was violated because black voters were turned away from "five (5) black voting precincts" in violation of the Fail-Safe Voting Issue of Amendment 51 of the Federal Voting Rights Act" and that "there were [sic] a concerted effort and conspiracy to discourage the black voter by means of intimidation and denying them to vote."

Plaintiff Myron Bass brings the complaint as a registered voter of Crittenden County and as a representative of candidate Hubert Bass who is also a plaintiff. Plaintiff Hubert Bass brings suit as a registered voter and as a candidate for the Alderman position of Ward 4 position 2 in West Memphis, Arkansas. Plaintiff Cook brings suit based upon his right to vote because his name did not appear on the voter registration list. Plaintiffs Dorothy Bass, Maria Nelson, and Theoplis Macnifcent bring the lawsuit based upon their being registered voters of City of West

---

[1] Charlie Daniels is the current Secretary of State and is automatically substituted for Sharon Priest in her official capacity pursuant to Rule 25(d) of the Federal Rule of Civil Procedure. The Clerk of the Court is directed to substitute Charlie Daniels as the defendant Secretary of State in his official capacity.

1

14

Memphis or Crittenden County. Plaintiff Daniel Hatchett brought suit based upon his being a candidate for the Crittenden County Sheriff position. Plaintiffs Shelby's and Sanders's standing is based upon their being election representatives for plaintiff Hatchett and upon their being registered voters in the City of West Memphis.

Separate defendant Secretary of State Sharon Priest filed a motion to dismiss contending that plaintiffs' claims are barred by sovereign immunity and that the complaint failed to state a cause of action against Priest as it failed to allege that she played any role, or had any authority to deny plaintiffs the exercise of their right to vote, to count any illegal or fraudulent votes, to authorize voting changes, or to deny plaintiffs any requested recount. The remaining defendants filed a motion to dismiss contending that plaintiffs lacked subject matter jurisdiction and, that if jurisdiction did exist, plaintiffs' conclusory allegations failed to state a claim.

Plaintiffs responded to the motions to dismiss and filed a motion to amend their complaint. Plaintiffs' amended complaint bases federal jurisdiction upon a federal question, 42 U.S.C. §§ 1981, 1983, and 1985; The Voting Rights Act, 42 U.S.C. § 1973 *et seq*; and the "Federal Fail Safe Act." Plaintiffs allege that these laws and their 14th and 15th Amendment rights were violated because citizens were denied the right to vote in predominantly black voting wards; that minority voters were intimidated, threatened and coerced into not voting by election officials or the election officials allowed the intimidation, threats, or coercion to occur; that defendants acted fraudulently, criminally, intentionally and in bad faith to win an election; defendants falsified concealed, destroyed, mutilated or altered ballots and official voting records; defendants denied them the opportunity to participate in the political process to elect representatives of their choice; and defendants failed to secure the early voting and absentee

ballot boxes. Plaintiffs also contend that "run-off elections are in violation of the Voting Rights Act as it dilute[s] the minority voting strength."

As examples of these acts, plaintiffs allege that (1) an unidentified woman after being told at the polling place that she had already voted absentee stated that she had filled out some forms and that she "guess[ed] they voted for me;" (2) black voters who failed to bring their identification were denied their right to vote; and (3) voters were sent to other polling stations or denied to vote all together if the voter's name was not in the list of registered voters in each of the black wards. Plaintiffs seek monetary damages from all defendants except defendant Priest.

I. *Motion to Amend Complaint*

Fed.R.Civ.P. 15(a) provides that "(a) party may amend his pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss is not a "responsive pleading" for purposes of this rule. *Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978). Therefore, plaintiffs are entitled to amend their complaint. This renders moot plaintiffs' alternative motion for leave to amend.

II. *Defendant Priest Motion to Dismiss the Amended Complaint*

Defendant Priest filed a motion to dismiss the amended complaint contending that 11th Amendment Immunity renders her immune from all suits in her official capacity except for prospective injunctive relief. *Missouri Child Care Ass'n v. Cross*, 294 F.3d 1034 (8th Cir.2002) ("state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law").

Plaintiffs do not state in their amended complaint what type of injunctive relief they seek from Priest. They have failed to state any specific facts regarding defendant Priest with the exception that they are only suing her for prospective injunctive relief.

The Court finds the complaint insufficiently pleads a request for injunctive relief, because it does not specify the form of injunctive or specific relief sought. Thus, the complaint fails to satisfy the specificity requirements of Federal Rule of Civil Procedure 8(a), which requires the complaint to contain, *inter alia*, "a demand for judgment for the relief the pleader seeks." See Fed. R. Civ. P. 8(a).

III. *Defendants' Motion to Dismiss the Initial Complaint*

The motion to amend the complaint filed under Rule 15(a) renders moot the motion to dismiss the original complaint. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir.2002). It would be plain error for to ignore plaintiffs' motion to amend their complaint and address defendants' motion to dismiss the original complaint. *Id.* at 995.

IV. *Conclusion*

Based upon the above, the Clerk of the Court is directed to file an original copy of plaintiffs' amended complaint and plaintiffs are directed to file an original copy of their amended complaint with the Clerk of the Court on or before July 18, 2003. Plaintiffs' alternative motion to amend is dismissed as moot (#10).

Separate defendant Priest's motion to dismiss the claims against her in the amended complaint is granted (# 4). Defendants' motion to dismiss the original complaint is dismissed as

4

moot. (# 2).

    IT IS SO ORDERED this 1 day of July, 2003.

                                                  _____
                                                  James M. Moody
                                                  United States District Judge

7/2/03

jt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

July 2, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:02-cv-00379.

True and correct copies of the attached were mailed by the clerk to the following:

   Joe M. Rogers, Esq.
   Fogleman & Rogers
   123 West Broadway
   Suite A
   West Memphis, AR   72301

   Wendy L. Kelley, Esq.
   Arkansas Attorney General's Office
   Catlett-Prien Tower Building
   323 Center Street
   Suite 200
   Little Rock, AR   72201-2610

   David Sanders
   721 Proctor Road
   Proctor, AR   72376

   David Shelby
   Post Office Box 2623
   West Memphis, AR   72303-2623

   Daniel Hatchett
   125 West Polk Avenue
   West Memphis, AR   72301

   Maria Nelson
   Post Office Box 5385
   West Memphis, AR   72303-1222

   Myron Bass
   Dorothy Bass
   Post Office Box 1222
   West Memphis, AR   72303-1222

   Aaron Cook
   603 Ingram
   West Memphis, AR   72301

   Theoplis Macnifcent
   812 North 14th Street
   West Memphis, AR   72301

   Hubert Bass

Post Office Box 576
West Memphis, AR  72303-0576

James W. McCormack, Clerk

Date: July 2, 2003    BY: Jean Turman